THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-60028 |
| RIBA FOODS, INC., | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

## TRUSTEE'S EMERGENCY MOTION TO
## SELL ASSETS AND FOR RELATED RELIEF

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**EMERGENCY RELIEF IS REQUESTED BY <u>SEPTEMBER 28, 2023</u>.**

TO THE HON. CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Christopher Murray, the chapter 7 trustee ("**Trustee**") for the bankruptcy estate of Riba Foods, Inc. ("**Debtor**") files this *Emergency Motion to Sell Assets and for Related Relief* (the "**Motion**") and respectfully states the following:

## BACKGROUND

1. The Debtor is a sauce manufacturer that filed a voluntary petition under chapter 11 on June 21, 2023. The Debtor operated as a debtor-in-possession for 70 days before the case was converted on August 30, 2023.

2. Before conversion, the Debtor attempted to coordinate a sale of its assets, as a going concern, to Arriba Foods, LLC ("**Buyer**"). That process was unsuccessful.

3. After conversion, the Trustee continued limited operations for a short period to continue sales efforts involving not only Buyer, but also Food Design Group Inc., which asserts an interest in some of the estate's IP, and a third interest party based in California.

4. The negotiations have been complex, involving not only the potential buyers, but also Kagan Properties Venture I, Ltd. (the "**Landlord**"), who asserts administrative claims over $190,000; Harris County and Cypress-Fairbanks ISD, which assert ad valorem taxes on the personal property of approximately $340,000; Gulf Coast Bank and Trust ("**GCBT**"), which claims a blanket lien securing debt of over $1.9 million; and certain produce vendors, who assert claims and constructive trusts under the Perishable Agricultural Commodities Act.

5. Throughout the process, all parties have believed that sale of the assets, together, provides the most value and the best chance to preserve the value of the business.

6. Through this motion, the Buyer, Landlord and Trustee jointly propose the following sale. Emergency relief is requested by September 28, 2023, as closing by that date is a condition

of the Buyer. The sale proposed in this Motion would be subject to higher and better offers and overbids, at the hearing, on substantially the same terms.

## PROPOSED SALE

7. The terms of the sale are set out in the Asset Purchase Term Sheet attached as <u>Exhibit A</u> and the proposed order, which is agreed and signed by the Buyer, Landlord and Trustee. In summary, the transaction has the following components:

    a. **Sale of Property**. The Trustee will sell free and clear of liens, claims and encumbrances under section 363(f) to Buyer all right, title and interest of the estate in all tangible and intangible operating assets, but excluding, among other things, cash, receivables, litigation claims and the Disputed IP (defined below). The sale of all tangible operating assets is subject to the rights of any third parties under any applicable contracts or leases.

    b. **Assumption of Leases**. The Trustee will assume all unexpired real estate leases of the Landlord and assign them to Buyer.

    c. **Treatment of Tax Liens**. Harris County and Cypress-Fairbanks ISD assert statutory lien for ad valorem taxes in the approximate amount of $340,000 secured by the personal property, all of which is being sold. Because the purchase price is less than this amount, which the Trustee believes is senior to all other lien and interest holders, all other liens on the personal property are undersecured in the property to be sold. Against Harris County's and Cypress-Fairbanks ISD's collateral, the Trustee would **surcharge** $150,000, which is an estimate of the chapter 7 administrative claims incurred through the closing of the proposed transaction, including administrative rent, operating expenses and other anticipated claims. At closing, $100,000 would be paid to Harris County and Cypress-Fairbanks ISD for their pro-rata share of sale proceeds in full and final satisfaction of their secured ad valorem tax claims on the Debtor's

personal property through the date of closing; *provided, that*, there are no other higher and better offers for the purchase of the assets. Harris County and Cypress-Fairbanks ISD would retain any right to assert a deficiency claim as an unsecured claim with priority status under applicable law.

      d.    **Treatment of Other Liens**. Other parties asserting liens and other rights, such as the PACA claimants, would retain all their rights, if any, in the assets retained by the estate, including cash, receivables, and litigation claims, subject to further order or agreement.

      e.    **Treatment of Certain IP**. Food Designs Group, Inc. has asserted rights to certain IP related to medium red salsa (the "Disputed IP"). The Buyer does not want the Disputed IP, and the Trustee finds it to be of inconsequential value and, because of the potential controversy over ownership, burdensome to the estate. The Trustee would abandon this intellectual property, which is expressly excluded from the assets being sold to Buyer.

      f.    **Financial Terms**. The Buyer will pay the estate $250,000. The Landlord will look to the Buyer to pay the Landlord $100,000 as cure costs, to be paid over time in a separate agreement between them. At closing, the Trustee will pay (i) $100,000 to Harris County and Cypress-Fairbanks ISD for their pro-rata share of sale proceeds in satisfaction of their secured ad valorem tax claim on the Debtor's property through the date of closing; *provided, that*, there are no other higher and better offers for the purchase of the assets and (ii) $40,000 to Landlord in satisfaction of its chapter 7 administrative rent claim. Landlord would further receive an allowed chapter 11 administrative rent claim of $142,225.43. Landlord may apply $30,000 held as deposit against any pre-petition claims, which Landlord may assert as a general unsecured claim, in addition to a general unsecured claim for remaining cure amounts, subject to the rights of any party-in-interest to object.

g. **Good Faith of Buyer; No Collusion**.  The Buyer is not an insider (as that term is defined in Bankruptcy Code section 101(31) ) of the Debtor.  The Buyer is purchasing the Acquired Assets (as defined in the Asset Purchase Term Sheet) in good faith, and is a good faith purchaser within the meaning of Bankruptcy code section 363(m).  Consequently,  The Buyer is entitled to the full rights, benefits, privileges, and protections of Bankruptcy Code Section 363(m) and that Buyer has proceeded in good faith in all respects in connection with the Sale in that, inter alia: (1) The Buyer recognized that the Trustee was free to deal with any other party interested in acquiring the Acquired Assets: (2) all payments to be made by the Buyer and other agreements or arrangements entered into by the Buyer in connection with the Sale have been disclosed; (4) no common identity of directors or controlling shareholders exist between the Buyer, on one hand, and the Trustee or the debtor, on the other hand; and (4) the negotiation and execution of the Sale was conducted at arm's length and in good faith.

## Emergency Relief Requested

8. Emergency relief is requested by September 28, 2023, because this is the last date by which the Buyer is willing to close. The reason for this is the continuing decline in the value of the assets, including brands and business goodwill, given the suspension of operations.

## Authority

9. The sale of the assets free and clear of liens is authorized under section 363(f) because the lien holder's rights attach to the proceeds. In the case of the ad valorem taxes, the full purchase price, net of a surcharge of $150,000, is paid over to Harris County and Cypress-Fairbanks ISD at closing. In the cases of GCBT and the PACA claimants, their lien rights, if any, are preserved in the retained assets, whose value is considerably higher in light of the sale. Specifically, the availability of cash for chapter 7 administrative claims will allow the Trustee to

pursue potentially valuable litigation that, absent such resource, may be difficult or impossible to pursue. Further, the value of accounts receivable, tax credits and refunds, and other assets are more valuable in the hands of a well-funded estate, which can engage the professionals necessary to recover the value of those assets.

10. The assumption of certain leases is authorized under section 365 because the Landlord consents to the terms of the assumption and assignment.

11. Abandonment of the Disputed IP is authorized by section 554 because the Trustee has determined that these assets have inconsequential value to the estate and are burdensome.

12. Resolution of the ad valorem tax claims and the surcharge are authorized under section 506(c). The allowed Landlord administrative claim amounts are authorized as resolutions of disputes under Rule 9019, in light of the relevant factors, in the Trustee's business judgment.

13. Cause exists to waive the stay under Rule 6004(h) because time is of the essence in this transaction and is a condition of the Buyer.

## Other Offers

14. The Trustee, in light of the sale process in the chapter 11 phase of this case and his own discussions with third parties, intends to entertain offers on substantially these terms from alternative buyers, to ensure that the estate is getting the best possible outcome.

[Remainder of page intentionally blank.]

**Prayer**

WHEREFORE, the Trustee respectfully requests that the Court enter the proposed order and grant any other and further relief at law or equity that the Court deems appropriate.

Dated: September 25, 2023

Respectfully submitted,

**JONES MURRAY LLP**
*/s/ Erin E. Jones*
Erin E. Jones
Texas Bar No. 24032478
erin@jonesmurray.com
602 Sawyer Street, Suite 400
Houston, TX 77007
Tel. (832) 529-3027
Fax. (832) 529-3393
**COUNSEL TO**
**THE CHAPTER 7 TRUSTEE**

**CERTIFICATE OF ACCURACY**

I hereby certify that the facts and circumstances described in the above pleading giving rise to the request for expedited consideration are true and correct to the best of my knowledge, information, and belief.

*/s/ Christopher Murray*
Christopher R. Murray

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing was served on September 25, 2023 through the Court's ECF system on all parties registered to receive such service, which includes the Debtor and the U.S. Trustee, and/or by US Mail first class postage pre-paid to all parties identified on the attached service list.

*/s/ Erin E. Jones*
Erin E. Jones