<u>**Exhibit A**</u>

**Asset Purchase Term Sheet**

Arriba Foods, LLC, a Texas limited liability company ("<u>Buyer</u>"), proposes the acquisition of certain assets from Christopher Murray, not individually, but as the chapter 7 trustee for the bankruptcy estate of Riba Foods, Inc. (the "<u>Debtor</u>" or "<u>Riba</u>") (the "<u>Seller</u>" or "<u>Trustee</u>") pursuant to the terms and conditions set forth below in this term sheet (the "<u>Term Sheet</u>"):

1. <u>Purchase Price.</u> The purchase price ("<u>Purchase Price</u>") is $250,000, of which $150,000 is a non-refundable deposit payable immediately to the Seller for the purpose of chapter 7 administrative expenses, with the balance due at closing. If and only if closing does not occur because the Seller enters a substantially similar transaction with a different party, the Trustee shall return $150,000 to the Buyer from the proceeds of that other transaction.

2. <u>Purchased Assets.</u> Buyer will purchase the Seller's right, title, and interest in the following assets (the "<u>Assets</u>") on an "as-is, where is" basis, with Seller making not representations or warranties of any kind:

   a) all of the hard asset equipment used in the Debtor's manufacturing process;

   b) all inventory of raw materials;

   c) Seller's inventory of finished products which do not contain medium red salsa which is the subject of that certain Licensing Agreement, dated April 15, 1988, by and between Riba Foods, Inc., a Texas corporation, as revised, modified, amended or restated from time to time (the "<u>Royalty Agreement</u>") as an ingredient as of the Closing (as defined below);

   d) copies of all information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form related to the operations of the Seller, including client and customer lists, referral sources, production reports, logs, operating guides and manuals, and, subject to applicable legal requirements, copies of all personnel records of employees (the "<u>Records</u>") ; *provided, however*, that the Buyer retain and make the Records available to the Seller for a period of at least six months, or as otherwise agreed in writing and not destroy any Records without Seller's agreement in writing or a bankruptcy court order authorizing disposition of any Records.

   e) all intellectual property owned by the Seller, including without limitation telephone and fax numbers and related listings, domain names, URLs, trademarks and trade names. recipes and formulas used solely in the operation of the Seller; and

   f) all of the intangibles of Seller, including but not limited to all trademarks and tradenames, all recipes, all brands, all intellectual property, all shelf space

relationships, all rights to future contractual relationships with Seller's vendors and customers.

3. <u>Excluded Assets</u>. The following Assets are excluded from the Term Sheet and Transaction:

a) Any property not included in Section 2 of this Term Sheet.

b) Seller's cash, cash equivalents, and accounts receivable for all periods prior to Closing;

c) Seller's inventory of finished products which contain medium red salsa as an ingredient that is the subject of the Royalty Agreement as of the Closing; and

d) Sellers's rights to any tax refunds or creditors.

e) Any property held by the Debtor that is owned by third parties and is not property of the Debtor's bankruptcy estate.

f) Any and all litigation or causes of action that belong to the Debtor's bankruptcy estate, including without limitation, causes of action that arose before the filing of a petition to initiate the Debtor's pending bankruptcy case ("<u>Bankruptcy Case</u>"), any chapter 5 avoidance actions or other causes of action arising out of the Bankruptcy Code, and any causes of action that have arisen or will arise during the Debtor's Bankruptcy Case.

4. <u>Bankruptcy Court Approval</u>. This term sheet is subject in all respects to Bankruptcy Court approval. Closing is conditioned on the Seller having:

a) obtained the consent of the Bankruptcy Court; and the Bankruptcy Court having entered an order, (i) approving the transaction set forth herein in accordance with sections 363(f) and 363(m) of the Bankruptcy Code; (ii) waiving the 14-day stay under Federal Rule of Bankruptcy Procedure 6004(h) for cause, (iii) finding that notice of the motion and proposed transaction was adequate and sufficient under the circumstances.

5. <u>Executory Contracts and Unexpired Leases</u>. The Seller will use reasonable best efforts to obtain Court approval of the assumption of such executory contracts and unexpired leases as the Seller may designate including but not limited to that certain Equipment Finance Agreement, dated January 14, 2021, by and between Seller and American Capital Financial Servies Inc., that certain Master EFA Agreement #ME01328945, dated November 18, 2020, by and between Seller and CIT Bank, N.A. and that certain Master EFA Agreement, dated July 30, 2015, by and between Seller and Direct Capital Corporation, a division of CIT Bank, N.A; *provided, however*, that all cure costs are the sole responsibility of the Buyer, and the Seller makes no representations regarding the status of any particular contract or lease as executory, assumable, assignable, or otherwise.

6. <u>Landlord Leases</u>.  That certain (i) Lease, executed March 16, 2022, by and between Debtor and Kagan Properties Venture I, Ltd., a Texas limited Partnership (the "<u>Landlord</u>") for the property located at 3701-3703 Arc, 3735-3737 Arc, 3702-3706 Artdale and 3718-3724 Artdale, Houston, Texas, (ii) Lease, executed March 16, 2022 by and between Debtor and the Landlord for the property located at 3810-3814 Ace, Houston, Texas and (iii) Lease, executed March 16, 2022, by and between Debtor and the Landlord for the property located at 3806 Ace, Houston, Texas (collectively the "<u>Assumed Leases</u>") will be assumed by Buyer pursuant to Court approval.  Such Court approval shall include the Buyer shall make a payment to Landlord in the amount of $100,000 for past due rent under the Assumed Leases ("<u>Past Due Rent</u>") to be paid to the Landlord in 20 equal monthly payments in the amount of $5,000 per month due on the first day of each month.  In exchange for the payment of the Past Due Rent the Landlord shall waive all current defaults under the Assumed Leases.

7. <u>Further Documentation</u>. Seller shall use reasonable best efforts to execute such ancillary documentation as may be necessary to facilitate the purchase of assets contemplated by this transaction, including documents such as assignments, registrations, titles, or transfers.

8. <u>Closing</u>. Seller agrees to request a hearing on a motion under section 363 of the Bankruptcy Court to be held by and for any order of Bankruptcy Cout approving the transaction described in this Term Sheet to be entered no later than September 25, 2023 or such later date agreed to in writing by the Buyer and the closing of the transaction described in the Term Sheet shall take place no later than September 28, 2023 or such later date agreed to in writing by the Buyer (the "<u>Closing</u>").

9. <u>Access</u>. The Seller will allow the Buyer, its employees, financial advisors, attorneys, accountants and other authorized representatives access, on reasonable notice, to its premises, books and records, and to its employees, accountants, vendors, suppliers, distributors, customers and others in order that the Buyer may have a full opportunity to make such investigation of the Seller as it may reasonably desire. The Buyer shall at no time contact any of the Seller's vendors, suppliers, employees, distributors, or customers without the prior written consent of the Seller.

10. <u>Expenses</u>. Except as otherwise agreed in Section 1 of this Term Sheet, each party shall bear its own legal, accounting, administrative and other expenses in connection with the investigation, negotiation and consummation of the transaction contemplated hereby unless otherwise stated in the Term Sheet.

11. <u>Jurisdiction</u>. The provisions of this Term Sheet and any ancillary documentation signed by the parties to consummate the transaction described in this Term Sheet, shall be governed by the laws of the State of Texas. The parties agree that any dispute regarding this Term Sheet or any ancillary documentation signed by the parties to consummate the transaction described in the Term Sheet, shall be subject to the exclusive jurisdiction of and submitted for resolution to the United States Bankruptcy Court Southern District of Texas Victoria Division (the "<u>Bankruptcy Court</u>").

12. <u>No Third-Party Beneficiaries</u>. This Agreement shall not confer any rights or remedies upon any person other than the Buyer and Seller and their respective successors and permitted assigns.