United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 27, 2023
Nathan Ochsner, Clerk

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-60028 |
| RIBA FOODS, INC., | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

ORDER GRANTING TRUSTEE'S EMERGENCY MOTION TO
SELL ASSETS AND FOR RELATED RELIEF

**(This relates to Dkt. 117)**

The Court, having held a hearing on the Trustee's Emergency Motion to Sell Assets and for Related Relief ("Motion") on September 27, 2023, and having considered the Motion, any responses to the Motion, the evidence adduced and arguments presented at the hearing and in prior hearings in this case, finds that (a) notice of the Motion was sufficient under the circumstances, (b) emergency consideration is justified under the circumstances, (c) cause exists to waive the stay under Rule 6004(h), (d) the proposed transaction and other relief sought is a sound exercise of the Trustee's business judgment, (e) the proposed transaction and other relief sought is in the best interest of the estate and its creditors, and (f) for good cause appearing,

ORDERS THAT:

1. Christopher Murray, in his capacity as chapter 7 trustee of the estate of Riba Foods, Inc. ("Debtor") in this case ("Trustee" or "Seller") is authorized under section 363(f) to sell to Buyer the Assets (as defined below) for $250,000, of which $150,000 has already been paid as a non-refundable deposit and $100,000 shall be due at closing. If and only if closing does not occur because the Seller enters a substantially similar transaction with a different party, the Trustee shall return $150,000 to the Buyer from the proceeds of that other transaction.

2. Purchased Assets. Buyer will purchase the Seller's right, title, and interest in the following assets (the "Assets") on an "as-is, where is" basis, with Seller making not representations or warranties of any kind:

a) all of the hard asset equipment used in the Debtor's manufacturing process;

b) all inventory of raw materials;

c) Seller's inventory of finished products which do not contain medium red salsa which is the subject of that certain Licensing Agreement, dated April 15, 1988, by and

between Riba Foods, Inc., a Texas corporation, as revised, modified, amended or restated from time to time (the "Royalty Agreement") as an ingredient as of the Closing (as defined below);

d) copies of all information that is inscribed on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form related to the operations of the Seller, including client and customer lists, referral sources, production reports, logs, operating guides and manuals, and, subject to applicable legal requirements, copies of all personnel records of employees (the "Records") ; *provided, however*, that the Buyer retain and make the Records available to the Seller for a period of at least six months, or as otherwise agreed in writing and not destroy any Records without Seller's agreement in writing or a bankruptcy court order authorizing disposition of any Records.

e) all intellectual property owned by the Seller, including without limitation telephone and fax numbers and related listings, domain names, URLs, trademarks and trade names. recipes and formulas used solely in the operation of the Seller; and

f) all of the intangibles of Seller, including but not limited to all trademarks and tradenames, all recipes, all brands, all intellectual property, all shelf space relationships, all rights to future contractual relationships with Seller's vendors and customers.

3. Excluded Assets. The following Assets are excluded from this Order and Transaction:

a) Any property not included in Section 2 of this Order.

b) Seller's cash, cash equivalents, and accounts receivable for all periods prior to Closing;

c) Seller's inventory of finished products which contain medium red salsa as an ingredient that is the subject of the Royalty Agreement as of the Closing; and

d) Sellers's rights to any tax refunds or creditors.

e) Any property held by the Debtor that is owned by third parties and is not property of the Debtor's bankruptcy estate.

f) Any and all litigation or causes of action that belong to the Debtor's bankruptcy estate, including without limitation, causes of action that arose before the filing of a petition to initiate the Debtor's pending bankruptcy case ("Bankruptcy Case"), any chapter 5 avoidance actions or other causes of action arising out of the Bankruptcy Code, and any causes of action that have arisen or will arise during the Debtor's Bankruptcy Case.

4. Executory Contracts and Unexpired Leases. Subject to section 9, below, the Seller will use reasonable best efforts to obtain Court approval of the assumption of such executory contracts and unexpired leases as the Seller may designate including but not limited to that certain Equipment Finance Agreement, dated January 14, 2021, by and between Seller and American Capital Financial Servies Inc., that certain Master EFA Agreement #ME01328945, dated November 18, 2020, by and between Seller and CIT Bank, N.A. and that certain Master EFA Agreement, dated July 30, 2015, by and

    between Seller and Direct Capital Corporation, a division of CIT Bank, N.A; *provided, however*, that all cure costs are the sole responsibility of the Buyer, and the Seller makes no representations regarding the status of any particular contract or lease as executory, assumable, assignable, or otherwise.

5. <u>Further Documentation</u>. Seller shall use reasonable best efforts to execute such ancillary documentation as may be necessary to facilitate the purchase of assets contemplated by this transaction, including documents such as assignments, registrations, titles, or transfers.

6. <u>Closing</u>. Closing shall occur on or before September 28, 2023 or such later date agreed to in writing by the Buyer and Trustee without further Order of the Court (the "<u>Closing</u>").

7. <u>Expenses</u>. Except as otherwise agreed or Ordered, each party shall bear its own legal, accounting, administrative and other expenses in connection with the investigation, negotiation and consummation of the transaction contemplated hereby unless otherwise stated in this Order.

8. <u>No Third-Party Beneficiaries</u>. This Agreement shall not confer any rights or remedies upon any person other than the Buyer and Seller and their respective successors and permitted assigns.

9. <u>Good Faith of Purchaser</u>.  The Sale contemplated by this sale order and has been negotiated in good faith, at arm's length and undertaken by the Buyer without collusion and in good faith, as that term is defined in Bankruptcy Code section 363(m), and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not alter, affect, limit, or otherwise impair the validity of the Sale unless such authorization and consummation are duly stayed pending such appeal.  The Buyers is a good faith purchaser within the meaning of Bankruptcy Code section 363(m) and, as such, is entitled to, and hereby granted, the full rights , benefits, privileges and protections of Bankruptcy Code section 363(m). The purchase price reflected in the Sale was negotiated in an arm's length transaction and was not controlled by an agreement between potential or actual bidders within the meaning of Bankruptcy Code section 363(n).

10. <u>Landlord Leases</u>.   That certain (i) Lease, executed March 16, 2022, by and between Debtor and Kagan Properties Venture I, Ltd., a Texas limited Partnership (the "<u>Landlord</u>") for the property located at 3701-3703 Arc, 3735-3737 Arc, 3702-3706 Artdale and 3718-3724 Artdale, Houston, Texas, (ii) Lease, executed March 16, 2022 by and between Debtor and the Landlord for the property located at 3810-3814 Ace, Houston, Texas and (iii) Lease, executed March 16, 2022, by and between Debtor and the Landlord for the property located at 3806 Ace, Houston, Texas (collectively the "<u>Assumed Leases</u>") will be assumed by Buyer pursuant to Court approval.  Such Court approval shall include the Buyer shall make a payment to Landlord in the amount of $100,000 for past due rent under the Assumed Leases ("<u>Past Due Rent</u>") to be paid to the Landlord in 20 equal monthly payments in the amount of $5,000 per month due on the first day of each month.

11. The sale proceeds are surcharged under 506(c) the amount of $150,000 on account of actual and anticipated chapter 7 administrative expenses incurred in the case.

12. The ad valorem tax liens securing Harris County's and Cypress-Fairbanks ISD's claims shall attach to the sale proceeds of the Assets with the same priority and validity as such liens attached to the Assets prior to the Closing. At Closing, the Trustee shall pay Harris County and Cypress-Fairbanks ISD $100,000 for their pro-rata share of sale proceeds in full and final satisfaction of their ad valorem tax claims against the Debtor and its estate, with Harris County and Cypress-Fairbanks ISD retaining the right to assert any deficiency as a priority unsecured claim. In the event the Trustee receives a higher and better off, any amount above the purchase price of $250,000 will also be paid over to Harris County and Cypress-Fairbanks ISD to be applied pro-rata to the secured tax debt.

13. At Closing, the Trustee shall pay Landlord $40,000 in full and final satisfaction of its claims for chapter 7 administrative expenses.

14. The Landlord shall have an allowed chapter 11 administrative claim of $143,335.43.

15. The Landlord may take $30,000 of the Debtor's funds held as a deposit in partial satisfaction of any remaining pre-petition claim. The Landlord may assert any other amounts alleged to be owed as general unsecured claims in a proof of claim.

16. The Buyer shall pay the Landlord $100,000 over 20 months on account of cure costs relating to the assumption and assignment of the lease referred to in paragraph 9 of this order. The Buyer shall also pay a security deposit of $60,000 to Landlord at Closing.

17. All claims allowed herein are subject to objection by any parties who have not expressly agreed to the substance this Order as indicated by their signatures below.

18. The Court retains jurisdiction over all aspects of this order.

Signed: September 27, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

**AGREED IN FORM AND SUBSTANCE:**

| **Chapter 7 Trustee**<br><br>/s/ Christopher Murray<br>Christopher Murray, Trustee<br>602 Sawyer, Suite 400<br>Houston, TX 77007<br>832-529-3027<br>chris@jonesmurray.com | **Arriba Foods, Inc.**<br><br>By: /s/ Alberto A. Valdes<br>    Alberto A. Valdes, Manager<br><br>215 E. MLK Jr. Industrial Blvd.<br>Lockhart, Texas 78644<br>561-302-2245<br>avaldes@hillcountryfoodworks.com |
|---|---|
| **Landlord**<br><br>By: /s/ Tara T. LeDay (with permission)<br>Jarrod B. Martin<br>Texas Bar No. 24070221<br>Tara T. LeDay<br>Texas Bar No. 24106701<br>1200 Smith Street, Suite 1400<br>Houston, Texas 77002<br>D: 713.356.1280<br>F: 713.658.2253<br>E: jarrod.martin@chamberlainlaw.com<br>E: tara.leday@chamberlainlaw.com | |